STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-549

CHARLES HUMPHREY

VERSUS

ICEE DISTRIBUTORS

**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, DOCKET NO. 04-04612
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED.**

Mark Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, Louisiana 70601
(337) 474-1644
COUNSEL FOR PLAINTIFF/APPELLEE:
    Charles Humphrey

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
306 East North Street
P.O. Drawer 1329
Opelousas, Louisiana 70571-1329
COUNSEL FOR DEFENDANT/APPELLANT:
    Icee Distributors

**COOKS, Judge.**

## STATEMENT OF THE CASE

This is a workers' compensation case. Icee Distributors appeals the decision of the Workers' Compensation Judge (WCJ) finding Icee Distributors improperly terminated workers' compensation benefits paid to Charles Humphrey for a work-related injury. The employer relied upon La.R.S. 23:1208.1 which provides for the forfeiture of benefits for the failure of an employee to answer truthfully about a prior injury. Icee Distributors contends Mr. Humphrey did not disclose a prior back surgery on his application for employment. The WCJ found Icee Distributors failed to meet its burden of proof under the statute, but did not award penalties or attorney's fees. For the reasons assigned below, we affirm the decision of the WCJ.

## STATEMENT OF THE FACTS

Charles Humphrey, the claimant, is forty-nine years old and has held steady employment in various manual labor jobs. He is also a skilled carpenter. In the early 1990's he opened a cabinet shop in Lake Charles and was self-employed until a back injury required him to have surgery. In July 1998, Dr. Dale Bernauer performed a posterior lumbar fusion at the L5-S1 level. Dr. Bernauer testified Mr. Humphrey did well post-operatively and was ready to resume work six months later. In February 1999, Mr. Humphrey was hired by Icee Distributors as a repairman. His duties included driving a company truck to various sites for the purpose of repairing Icee machines. He often worked sixty-hours a week and carried a tool bag. Mr. Humphrey worked for Icee Distributors without incident for nearly five years before the accident. On September 23, 2003, while engaged in the course and scope of his employment, Mr. Humphrey was involved in an automobile accident when he ran into the back of another vehicle. As a result, Mr. Humphrey injured his back at the L4-5

level. He continued to work until December 19, 2003. Icee Distributors paid indemnity benefits until June 2004, at which time Icee Distributors terminated both indemnity and medical benefits based on Mr. Humphrey's failure to disclose his prior back surgery. The WCJ found Icee Distributors failed to carry its burden of proof under La.R.S. 23:1201.1 and La.R.S. 23:1371. The WCJ also found the claim was reasonably controverted and denied penalties and attorney's fees. Icee Distributors filed this appeal. Mr. Humphrey appeals the denial of penalties and attorney's fees and requests attorney's fees for work done on appeal.

## LAW AND DISCUSSSION

Icee Distributors contends Mr. Humphrey failed to disclose his prior lumbar fusion at the L5-S1 level on his employment application and, as a result Icee Distributors was prejudiced in its ability to seek reimbursement from the second injury fund. Icee Distributors relies on La.R.S. 23:1208.1, which provides in relevant part:

> Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund.

The Second Injury Fund provision is found in La.R.S. 23: 1371, which provides in relevant part:

> A. It is the purpose of this Part to encourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers, group self-insurance funds, and property and casualty insurers from excess liability for workers' compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.

3

In *Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La.(1/21/98), 707 So.2d 1214, the Louisiana Supreme Court articulated the relationship between these two provisions, as follows:

> A work injury subsequent to a known permanent partial disability qualifies an employer to seek reimbursement for worker's compensation benefits from a statutorily designated "Second Injury Fund" under certain circumstances. A claimant's untruthful statement regarding his permanent partial disability which prejudices his employer's ability to seek reimbursement from the fund gives rise to an affirmative defense under La.R.S. 23:1208.1, whereby the injured employee forfeits all compensation benefits.

*Id.* at 1217.

However, a false statement on an employment application does not automatically result in the forfeiture of benefits. The employer must establish it was prejudiced by the misrepresentation. The employer is only prejudiced (1) when the false statement *directly relates* to the medical condition for which a claim is made or (2) affects the employer's ability to receive reimbursement from the second injury fund. *Id.* A "direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition." *Id.* at 1120. The second prong requires the employer to prove the false statement prejudiced its ability to receive reimbursement from the second injury fund, by proving the second injury "merged" with the preexisting permanent disability to produce a "materially and substantially greater" disability. "Merger", as defined by La.R.S. 23:1371, is limited to the following:

> (1) The subsequent injury would not have occurred but for the preexisting permanent partial disability; or

> (2) The disability resulting from the subsequent injury in conjunction with the preexisting permanent partial disability is materially and substantially greater than that which would have resulted had the preexisting permanent partial disability not be present, and the employer has been required to pay and has paid compensation for that greater disability.

4

In the present case, it is undisputed that Mr. Humphrey did not disclose his prior back surgery on his employment application. When questioned regarding his omission, Mr. Humphrey answered candidly, "I got tired of people telling me they wouldn't hire me." However, the WCJ found the employer failed to prove the second injury was inevitable or very likely to occur because of the presence of the preexisting lumbar fusion. Moreover, the WCJ found the medical evidence did not support a finding that the disability following the second injury was materially or substantially greater than that which would have resulted had the preexisting condition not been present.

The Plaintiff presented the medical testimony of Dr. Beunauer. Dr. Beunauer performed the fusion at the L5-S1 level. He testified Mr. Humphrey was ready to resume employment six months after the first injury and assessed his disability at 12% with a 25 pound weight limit in lifting. The evidence established he did resume employment and was hired by Icee Distributors about six months after the back surgery. He worked for Icee for nearly five years without incident. His job entailed long hours of driving, carrying a heavy tool belt, bending, stooping and lifting to repair Icee machines. When Mr. Humphrey saw Dr. Bernauer shortly following the accident, Dr. Bernauer found a definite change in Mr. Humphrey's condition. His examination revealed a limited range of motion. An MRI done on November 21, 2003, showed diffused disk bulging with neural canal narrowing bilaterally at L4-5. A diskogram showed an abnormal disk at L4-5, total incompetence of the disk with abnormal appearance and pain. After the accident, Dr. Beunauer raised his disability only slightly to 15% with 20 pound weight limit, with the same restrictions as far as repetitive stooping, bending, squatting, crawling. Dr. Beunauer opined that the prior fusion at the L5-S1 level did not make an injury at the L4-5 level inevitable or even

very likely. He testified: "I don't think it made it worse. The fact that he had a fusion at L5-S1 didn't make the L4-5 worse, as far as the injury he had to it." We agree with the WCJ that Icee Distributors has failed to prove but for Mr. Humphrey's non-disclosure, it would have been entitled to reimbursement from the second injury fund. Icee Distributors has failed to prove the subsequent injury to the L4-L5 level, which occurred following an automobile accident, was inevitable or very likely to occur because of the prior fusion or that the subsequent injury to the L4-5 level was materially and substantially greater than that which would have resulted had the fusion at the L5-S1 level not been present.

Mr. Humphrey appeals the decision of the WCJ denying penalties and attorney's fees. In order for a claimant to recover penalties and attorney's fees, there must be a showing that the employer did not raise a seriously disputed issue. *Hickman v. Jim Smith Logging, et al.*, 04-157 (La.App. 3 Cir. 9/29/04), 883 So.2d 1072. "To reasonably controvert a workers' compensation claim so as to avoid imposition of penalties and attorney fees, the employer and its insurer must provide sufficient factual and medical information to reasonably counter the evidence provided by the claimant." *Johnson v. Johnson Controls, Inc.*, 38,495, pp. 16-17 (La.App. 2 Cir. 5/12/04), 873 So.2d 923, 933-34. In this case, Mr. Humphrey failed to disclose his prior back surgery on the employment application. Icee Distributors relied on the testimony of Dr. Beunauer, the treating physician, to support its position. An award of penalties and attorney's fees are penal in nature and must be strictly construed. We find no error on the part of the WCJ denying the imposition of penalties and attorney's fees. We also decline to award attorney's fees for work done on appeal.

6

**DECREE**

Based on the foregoing review of the evidence, we affirm the decision of the Workers' Compensation Judge. All costs of this appeal are assessed to Icee Distributors.

**AFFIRMED.**