# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-579

**SHANE M. SARTELLE**

**VERSUS**

**FOOTLOCKER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
PARISH OF LAFAYETTE, DISTRICT 04, NO. 05-06332
HONORABLE SHARON M. MORROW, WORKERS' COMPENSATION
JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Laurie W. Maschek**
**5100 Village Walk, Suite 300**
**Covington, LA 70433**
**Counsel for Defendant-Appellant:**
 **Footlocker**

**Scott Webre**
**556 Jefferson Street, Suite 500**
**Lafayette, LA 70501**
**Counsel for Plaintiff-Appellee:**
 **Shane M. Sartelle**

**PAINTER, Judge.**

In this workers' compensation suit, Defendant, Footlocker, appeals the award of benefits, penalties, and attorney's fees to Plaintiff, Shane M. Sartelle.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Sartelle, began employment with Footlocker in June of 2004. He was employed as an assistant manager with Footlocker on the date in question. Plaintiff alleges that on July 6, 2005, in the course and scope of his employment, he fell from a rolling ladder and struck a wall of shoes. The accident was unwitnessed. Plaintiff has not worked since the accident, with the exception of approximately five engagements with a musical band of which he was a member. Following a trial on the merits, Plaintiff was awarded benefits as well as a $2,000.00 penalty for failure to authorize treatment, a $2,000.00 penalty for failure to pay indemnity benefits, and $7,500.00 in attorney's fees. Defendant appeals. Finding no manifest error in the judgment of the workers' compensation judge, we affirm.

**DISCUSSION**

Defendant first alleges that the workers' compensation judge erred in finding that Plaintiff met his burden of proving accident and injury. As to this issue, we stated in *Phillips v. Coca-Cola Bottling Co. United*, 06-323, pp. 4-5 (La.App. 3 Cir 9/27/06), 939 So.2d 673, 675-77 (alteration and emphasis in original):

> This court, in *Monceaux v. R & R Construction, Inc.*, 05-533 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, *writs denied*, 06-0585 (La.5/5/06), 927 So.2d 325, 06-0636 (La.5/5/06), 927 So.2d 317, had occasion to address both the standard of review and a claimant's burden of proof in workers' compensation cases involving unwitnessed accidents. In that case, we said:
>
> > In *Dean v. Southmark Construction*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the supreme court

1

discussed the standard of review in workers' compensation cases:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite*, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

Recently, this court addressed a claimant's burden in proving the [sic] he/she suffered a work-related accident:

> In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective

2

findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).

The Louisiana Supreme Court, in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation*, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; *Nelson v. [Roadway Express, Inc.*, 588 So.2d 350 (La.1991) ]. Corroboration may also be provided by medical evidence. *West*, supra.

> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *West*, 371 So.2d at 1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987). **The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.** *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822, 824 (La.App. 2d Cir.), *writ denied*, 536 So.2d 1200 (La.1988) (collecting cases).

In this case, the workers' compensation judge made a determination that Plaintiff was "extremely credible." Defendant alleges that this finding is manifestly erroneous in light of evidence of Plaintiff's admitted drug use and the fact that he was twenty-five years old at the time of trial but could not remember most details of his life. We find Defendant's argument to be without merit. Plaintiff testified that he was climbing up the ladder to get a shoe from the opposite side of the wall when the ladder slid and he slid down the ladder, landing on both feet and hitting the wall

3

behind him with his back. A co-worker, Corey Hite, testified in deposition that he heard the noise and asked Plaintiff if he was okay. Plaintiff did not report the incident immediately because, according to Plaintiff, his supervisor was on vacation. However, he reported the incident a week later.

After examining the record, we cannot say that the workers' compensation judge was manifestly erroneous in her conclusion that Plaintiff proved the occurrence of a work-related accident. Although unwitnessed, Plaintiff testified to its occurrence and the onset of pain. We find, as did the workers' compensation judge, that the inconsistencies pointed out by Defendant do not rise to the level of "serious doubt." The workers' compensation judge made credibility determinations in favor of Plaintiff, which we find no reason to disturb, and we uphold the finding of a work-related accident.

Defendant next alleges that the workers' compensation judge erred in holding that Plaintiff's physical condition was causally related to the alleged work accident. It is well settled that in workers' compensation cases, the "claimant has the burden of showing that more probably than not an employment accident occurred and that it had a causal relation to the disability suffered." *Baker v. Conagra Broiler Co.*, 93-1230, p. 8 (La.App. 3 Cir. 5/4/94), 640 So.2d 494, 498, *writ denied*, 94-1435 (La. 9/23/94), 642 So.2d 1289. In *Mouton v. Walgreen Co.*, 07-1403, p. 7 (La.App. 3 Cir. 4/2/08), 981 So.2d 75, 84 (alteration in original), we noted:

> In *Wyble v. Acadiana Preparatory School*, 07-91, p. 6 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, 726, *writ denied*, 07-1178 (La.9/14/07), 963 So.2d 1004, this court explained that "[a] preexisting medical condition will not bar an employee from recovery if the employee establishes that the work-related accident aggravated, accelerated, or combined with the condition to cause the disability for which compensation is claimed." "Aggravation of a preexisting injury may constitute a disabling injury when, for example, the plaintiff begins to

4

suffer new symptoms after the second workplace accident." *Tate v. Cabot Corp.*, 01-1652, p. 6 (La.App. 3 Cir. 7/3/02), 824 So.2d 456, 461, *writ denied*, 02-2150 (La.11/22/02), 829 So.2d 1044. Whether a causal relationship exists between the disability and the employment is a question of fact that will not be reversed on appeal absent manifest error. *Id*.

Plaintiff was involved in a car wreck in November of 2002, in which his back was injured. He was injured again in another car wreck shortly after the 2002 wreck. He was diagnosed with a herniated disc at the L-5 level. Plaintiff alleges that Defendant was aware of his pre-existing back problems. Plaintiff further testified that he became addicted to pain medication after the car wrecks but that he felt surgery was not a viable option until after the subject accident. The workers' compensation judge noted that Plaintiff's medical treatment was essentially on hold pending surgery.

Both Drs. Charles Olivier and John Cobb, orthopedic surgeons, unequivocally recommended a disc excision at L5-S1 with a fusion. Dr. Cobb testified in deposition that something changed in Plaintiff's condition after the July 6, 2005 incident and that the disc did not seem to be causing compression in the 2003 MRI. Dr. Cobb testified that it was his opinion that the subject incident was the precipitating cause of Plaintiff's new complaints. Dr. Douglas Bernard, who saw Plaintiff on April 14, 2006, at the request of Defendant, testified as to his opinion that the subject accident did not contribute to the need for surgery. By all accounts, claimant was able to perform his job duties as assistant manager prior to the accident and despite his pre-existing condition but was unable to after. Further, Plaintiff's two band mates testified that since the subject incident, Plaintiff has been unable to load or unload his equipment. The workers' compensation judge chose to discredit the testimony of Dr. Bernard based on other evidence presented and found that medical and lay testimony

confirmed that the subject accident aggravated the pre-existing back problems to the point that they became disabling and surgery became necessary. "It is within the province of the workers' compensation judge to assess the credibility of the physicians who examined and/or treated [the claimant]." *Smith v. Town of Olla*, 07-384, p. 13 (La.App. 3 Cir. 10/3/07), 966 So.2d 1165, 1174. Thus, we find no error on the workers' compensation judge's part in finding the accident of July 6, 2005, aggravated and combined with a pre-existing condition to produce Plaintiff's injuries and find no merit in Defendant's arguments on this point.

Defendant next argues that the workers' compensation judge erred in awarding penalties and attorney's fees. We have noted *Mouton*, 981 So.2d at 85:

> To avoid the imposition of penalties and attorney fees, the employer must present sufficient factual and medical information to reasonably counter the evidence provided by the claimant. *Humphrey v. Icee Distributors*, 06-549 (La.App. 3 Cir. 11/29/06), 944 So.2d 783, *writ denied*, 07-7 (La.3/9/07), 949 So.2d 442. An award of penalties and attorney fees will not be overturned on appeal absent manifest error. *Frederick [v. Port Aggregates, Inc.*, 07-552 (La.App. 3 Cir. 10/31/07)], 968 So.2d 1169.

The workers' compensation judge noted that the adjuster testified that she never spoke with the Footlocker employees in initially investigating the claim. We agree with the workers' compensation judge that by February of 2007, when the depositions of Plaintiff's girlfriend and band mates, as well as the depositions of Drs. Bernard and Cobb, had been taken, Defendant had "more than sufficient evidence that Sartelle's claim was compensable." Thus, we find no manifest error and affirm the award of penalties and attorney's fees.

Defendant's final argument is that the workers' compensation judge failed to consider its defenses under La.R.S. 23:1208 in that it presented an "overwhelming preponderance of the evidence that Sartelle made false statements" for the purpose

6

of receiving benefits. Plaintiff urges us not to consider this assignment of error since Defendant failed to specifically plead it and urged it for the first time in pre-trial briefs to the workers' compensation judge. As alleged by Defendant, we note that the workers' compensation judge made no ruling in this regard. As we have upheld the workers' compensation judge's determinations as to the credibility of Plaintiff, we find it unnecessary to address this argument.

## DECREE

For the reasons assigned above, the judgment of the workers' compensation judge is affirmed in its entirety. All costs of this appeal are assessed to Defendant-Appellant, Footlocker.

**AFFIRMED.**