STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 07-157


LARRY RAY VIDRINE

VERSUS

LA-TEX RUBBER & SPECIALTIES, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-08331
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Michael G. Sullivan, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED IN PART AND REVERSED IN PART.**

**Marcus Miller Zimmerman**
**Attorney at Law**
**4216 Lake Street**
**Lake Charles, LA 70605**
**(337) 474-1644**
**Counsel for Plaintiff/Appellee:**
**Larry Ray Vidrine**

**Mark Alfred Ackal**
**Attorney at Law**
**P. O. Box 52045**
**Lafayette, LA 70505**
**(337) 237-5500**
**Counsel for Defendant/Appellant:**
**La-Tex Rubber & Specialties, Inc.**

**EZELL, JUDGE.**

In this workers' compensation matter, La-Tex Rubber and Specialties Inc., appeals the decision of the workers' compensation judge finding that Larry Vidrine suffered a work-related injury, awarding him reinstatement of workers' compensation benefits, and assessing La-Tex with penalties and attorney fees. For the following reasons, we affirm the decision of the workers' compensation judge in part and reverse in part.

Mr. Vidrine worked for La-Tex as a warehouse parts runner. On July 15, 2004, Mr. Vidrine claims that he and some other employees were unloading a chrome bar weighing several hundred pounds from a freight truck when he felt a burning sensation in his back. He claims that he asked his supervisor for some ibuprofen, thinking he had suffered a minor pull. Mr. Vidrine continued to work for the following three weeks, claiming he thought the injury would just get better. On August 6, 2004, Mr. Vidrine worked his final day as an employee of La-Tex. He began collecting workers' compensation benefits on August 7, 2004.

The same day Mr. Vidrine ceased his employment with La-Tex, he called into his family physician for a refill of some sleeping medication and complained of back pain. He was referred to Dr. John Raggio, a neurologist, who first saw Mr. Vidrine in October of 2004. Mr. Vidrine presented with low back pain. Dr. Raggio examined Mr. Vidrine and preformed an MRI of his back, finding nothing abnormal. He did note positive Waddell signs, indicating inappropriate description of symptoms. However, he diagnosed Mr. Vidrine with low back pain, recommended physical therapy, and took him off of work. Mr. Vidrine returned to Dr. Raggio on November 2, 2004, claiming no improvement. At that time, Dr. Raggio reexamined Mr. Vidrine. He again found marked affect responses without "hard neurological or physical

abnormalities to support a diagnosis." He also again found evidence of inappropriate symptom complaints based on the lack of anatomical abnormalities. He released Mr. Vidrine back to full work. La-Tex stopped paying workers' compensation benefits at that time.

Mr. Vidrine filed this present action roughly ten days after his discharge by Dr. Raggio. He then saw Dr. Clark Gunderson, an orthopedist, in December of 2004, presenting with the same back pain. Dr. Gunderson diagnosed Mr. Vidrine as having a lumbar strain, administered a steroid injection, ordered physical therapy and a discogram, and took Mr. Vidrine back off work. La-Tex sought a second medical opinion from Dr. Michael Holland, also an orthopedist. Dr. Holland, like Dr. Raggio, found Mr. Vidrine to have no physical abnormalities considering his age, no neurological impingement, and also found symptom magnification. He found the discogram ordered by Dr. Gunderson to be unnecessary.

Finally, Mr. Vidrine was examined by a court-ordered independent medical examiner, Dr. Frazer Gaar. Dr. Gaar also found no evidence of spinal cord compression or nerve root irritation, and further found multiple signs of non-physiological pain behavior. Dr. Gaar felt that Mr. Vidrine was probably at maximum medical improvement, found a five percent total body disability, and recommended sedentary work.

At trial, the workers' compensation judge found that Mr. Vidrine had suffered a work-related injury, found that La-Tex owed Mr. Vidrine benefits retroactive to November 2, 2004, ordered a discogram as recommended by Dr. Gunderson, and awarded $2,000 in penalties and $8,000 in attorney fees to Mr. Vidrine. From this decision, La-Tex appeals. Mr. Vidrine answers the appeal, seeking an increase in attorney fees for work done on appeal.

2

La-Tex asserts three assignments of error on appeal. It claims that the workers' compensation judge erred in finding that Mr. Vidrine suffered a work-related injury, that the workers' compensation judge erred in reinstating benefits and ordering the discogram, and that the trial court erred in awarding penalties and attorney fees.

The manifest error or clearly wrong standard governs appellate review in workers' compensation cases. *Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129. Under the manifest error standard, the appellate court must determine whether the workers' compensation judge's factual findings are reasonable in light of the record reviewed in its entirety. *Pugh v. Casino Magic*, 37,166 (La.App. 2 Cir. 4/11/03), 843 So.2d 1202.

La-Tex first claims that the trial court erred in finding that Mr. Vidrine proved a work-related injury. We disagree. The Louisiana Supreme Court, in *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357, 361 (La.1992) (citations omitted), expounded on what proof will satisfy an employee's burden in proving a work-related injury:

> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.
>
> > In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.

La-Tex offered no evidence whatsoever to counter the uncontradicted testimony of Mr. Vidrine that he injured his back unloading the chrome bar, despite the fact that they could have called any of the other employees who helped unload the bar if any discrepancy existed. Furthermore, the workers' compensation judge obviously found Mr. Vidrine to be a credible witness. Because there is nothing in the record to indicate that this finding was in error, this assignment of error lacks merit.

La-Tex next claims that the workers' compensation judge erred in reinstating benefits and ordering the discogram. The workers' compensation judge has great discretion to assign whatever weight he deems appropriate to evidence that has been admitted. *La. Workers' Comp. Corp. v. Gray*, 34,731 (La.App. 2 Cir. 5/9/01), 786 So.2d 310. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. N. Am. Salt Co.*, 02-1869 (La.App. 1 Cir. 6/27/03), 865 So.2d 98, *writ denied*, 03-2581 (La. 11/26/03), 860 So.2d 1139. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

In this matter, a conflict existed between the medical findings of Doctors Raggio, Holland, and Garr and the testimony of Mr. Vidrine and the findings of Dr. Gunderson. The workers' compensation judge found Mr. Vidrine to be a credible witness and apparently gave more weight to the findings of Dr. Gunderson, who saw Mr. Vidrine on more occasions than the other doctors. Even though Dr. Gunderson was outnumbered in his opinion that Mr. Vidrine could not work and needed a discogram, his opinion does provide a reasonable factual basis for the determinations of the workers' compensation judge, and we may not reverse that finding, even if this

4

court may have weighed the evidence differently if it had been sitting as the trier of fact. We can find no manifest error in the workers' compensation judge's determination.

La-Tex finally claims that the workers' compensation judge committed error in the assessment of penalties and attorney fees. We agree. Under La.R.S. 23:1201 ( F), penalties and attorney fees for a failure to properly pay benefits shall be assessed unless the claim is reasonably controverted or resulted from conduct over which the employer or insurer had no control. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. *See Brown v. Texas-LA Cartage, Inc.*, 98-1063 (La. 12/1/98), 721 So.2d 885. The decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181. In this case, we find that La-Tex did indeed have a valid reason to base the denial of benefits and that the workers' compensation judge erred in finding that it failed to reasonably controvert Mr. Vidrine's claims.

Despite Dr. Gunderson's findings, La-Tex was presented with the opinions of Dr. Raggio, Dr. Holland, and Dr. Gaar, all of whom found that Mr. Vidrine suffered no physical abnormality which would cause his pain. All three doctors found evidence of symptom magnification or non-physiological pain behavior. Dr. Raggio had released Mr. Vidrine to work, and Dr. Gaar found only a five percent disability. In light of the findings of these doctors, regardless of the weight given to them by the workers' compensation judge, it most certainly cannot be said that La-Tex was arbitrary or capricious in denying Mr. Vidrine's claim. It is clear from the record before us that La-Tex had a reasonable basis to deny Mr. Vidrine's claim for workers'

5

compensation benefits. The award of penalties and attorney fees against La-Tex is hereby reversed. Accordingly, Mr. Vidrine's request for additional attorney fees for work done on appeal is likewise denied.

For the above reasons, the decision of the workers' compensation judge is affirmed in part and reversed in part. Costs of this appeal are to be split between the parties.

**AFFIRMED IN PART AND REVERSED IN PART.**