STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-1156


ROLAND SORILE

VERSUS

LOTT OIL COMPANY, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, DOCKET NO. 13-02020
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Peters, J., concurs in the result and assigns written reasons.


**John J. Rabalais**
**Janice B. Unland**
**Chad N. Evans**
**Rabalais Unland**
**200 Caroline Court**
**Covington, Louisiana 70433**
**(985) 893-9900**
**COUNSEL FOR EMPLOYER/APPELLANT:**
     **Lott Oil Company, Inc.**

**Joseph J. Bailey**
**David E. Boraks**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Capital One Bank Building**
**934 Third Street, Suite 801**
**Post Office Drawer 1791**
**Alexandria, Louisiana  71309**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Roland Sorile**

**GENOVESE, Judge.**

Lott Oil Company, Inc. (Lott Oil) has suspensively appealed a judgment which awarded its employee, Roland Sorile, workers' compensation benefits for an unwitnessed accident and injury sustained while in the course and scope of his employment. Mr. Sorile has answered the appeal, alleging trial court error in denying his claim for penalties and attorney fees and seeking additional attorney fees for defending the appeal.[1] For the following reasons, we affirm the judgment in all respects and do not consider Mr. Sorile's Answer to Appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Sorile, a fuel truck operator for Lott Oil, alleges that he injured his back on February 26, 2013, while on the job. There were no witnesses to the accident. Mr. Sorile filed a Disputed Claim for Compensation Form (1008) on March 25, 2013, seeking indemnity benefits, medical expenses, penalties, and attorney fees. On April 2, 2013, Lott Oil answered, denying the occurrence of a work accident

---

[1]We observe that in his appellate brief, Mr. Sorile assigns error to the denial by the Workers' Compensation Judge (WCJ) of his claim for penalties and attorney fees and he requests an award of additional attorney fees for defending the appeal filed by Lott Oil. However, pursuant to statutory grounds and jurisprudential tenets, Mr. Sorile's contentions are not properly before this court and will not be considered.

Louisiana Code of Civil Procedure Article 2088(A) provides, in pertinent part:

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal. . . .

The record reflects that Lott Oil filed a Motion for Suspensive Appeal in the Office of Workers' Compensation (OWC) on September 22, 2014. The WCJ granted Lott Oil's appeal on September 23, 2014. At that time, in accordance with La.Code Civ.P. art. 2088, the OWC became divested of jurisdiction over all matters on appeal. Subsequently, Mr. Sorile filed an Answer to Appeal in the OWC on September 30, 2014, relative to the WCJ's denial of his claim for penalties and attorney fees and he requests an award of additional attorney fees for defending Lott Oil's appeal. Thus, the Answer to Appeal filed on behalf of Mr. Sorile in the OWC was improvidently filed in the wrong tribunal and, thus, will not be considered. *See also, Smoot v. Hernandez*, 08-1121 (La.App. 3 Cir. 3/4/09), 6 So.3d 352; *Kelly v. Boise Bldg. Solutions*, 11-1116 (La.App. 3 Cir. 5/2/12), 92 So.3d 965, *writs denied*, 12-1173, 12-1209 (La. 10/8/12), 98 So.3d 851.

and/or that any injury or disability was causally related to his employment and claiming that Mr. Sorile willfully made false statements for the purpose of obtaining benefits, thereby forfeiting benefits pursuant to La.R.S. 23:1208 and La.R.S. 23:1208.1.

The case was tried on June 19, 2014, after which the WCJ took the matter under advisement and accepted post-trial memoranda. On August 25, 2014, the WCJ issued oral reasons for judgment, ruling that Mr. Sorile had proven the occurrence of a work accident and that he sustained a compensable injury as a result thereof. Mr. Sorile was awarded temporary total disability (TTD) benefits from February 28, 2013, through July 25, 2013, supplemental earning benefits (SEB) thereafter based upon a zero earning capacity, and was entitled to ongoing medical benefits. The WCJ ruled that Blue Cross Blue Shield was entitled to recover the full value of its lien. Mr. Sorile's claims for attorney fees and penalties, however, were denied. The WCJ ruled that Mr. Sorile did not commit fraud and denied Lott Oil's claims that Mr. Sorile willfully made false statements for the purpose of obtaining benefits. Judgment was signed September 10, 2014. Lott Oil has filed a suspensive appeal.

## ASSIGNMENTS OF ERROR

Lott Oil assigns the following errors for our review:

1. The [WCJ] erred in finding that [Mr.] Sorile carried his burden of proof in establishing the occurrence of an accident.

2. The [WCJ] erred in finding that [Mr.] Sorile carried his burden of proof in establishing a compensable injury caused by an alleged accident.

3. The [WCJ] erred in finding that [Mr.] Sorile was entitled to indemnity benefits or medical benefits of any kind.

4. The [WCJ] erred in finding that [Mr.] Sorile had not made willful misrepresentations for the purpose of receiving

workers['] compensation benefits in violation of La.R.S. 23:1208 and La.R.S. 23:1208.1.

5. The [WCJ] erred in not awarding restitution to Lott Oil for all benefits paid to or on behalf of [Mr.] Sorile, including litigation expenses, due to his fraudulent conduct.

6. The [WCJ] erred in finding that [Lott Oil] was liable to Blue Cross Blue Shield for the entirety of its lien for medical benefits paid to or on behalf of [Mr.] Sorile.

## STANDARD OF REVIEW

The supreme court set forth the law relative to a workers' compensation claimant's burden of proof for an unwitnessed accident and the appellate standard of review thereof in *Marange v. Custom Metal Fabricators, Inc.*, 11-2678, pp. 6-8 (La. 7/2/12), 93 So.3d 1253, 1257-58 (per curiam):

> The employee in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. *Bruno v. Harbert International, Inc.*, 593 So.2d 357, 360 (La.1992); *Ardoin v. Firestone Polymers, L.L.C.*, 10-0245, p. 5 (La.1/19/11), 56 So.3d 215, 218. An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment, if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *Bruno*, 593 So.2d at 361; *Ardoin*, 56 So.3d at 218-219. In deciding whether the plaintiff has discharged his or her burden of proof, the fact-finder should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." *Bruno*, 593 So.2d at 361. The fact-finder's determinations as to whether the worker's testimony is credible, and whether the worker has discharged his or her burden of proof, are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. *Bruno*, 593 So.2d at 361; *Ardoin*, 56 So.3d at 219.

> . . . .

> . . . Nearly forty years ago, in *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973), this court, in an opinion by Justice Tate, set forth the bedrock principle that a reviewing court must give deference to the findings of the trier of fact:

>> When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a

3

reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.

## DISCUSSION

Lott Oil's first three assignments of error dispute the WCJ's findings that Mr. Sorile experienced a work accident, sustained a back injury, and is entitled to workers' compensation benefits. Lott Oil argues that the evidence reflects that Mr. Sorile reported experiencing an injury at home and that he specifically denied to co-workers and medical personnel being injured on the job. Lott Oil further contends that Mr. Sorile only conjured a tale of being injured at work on March 12, 2013, when the neurological surgeon made him realize that he had a significant back injury that would entail both substantial medical expenses and loss of income.

According to Mr. Sorile's testimony, on February 26, 2013, he unloaded diesel at Shop-A-Lot 6 in Leesville, Louisiana. He explained that he felt burning in his back when he picked up a hose in order to drain the diesel out of the line. Mr. Sorile had his wife apply Bengay, a topical analgesic, to his back that evening. Mr. Sorile did report to work the next day, although he was still in pain. That evening, Mr. Sorile again had his wife apply Bengay to his back. According to Mr. Sorile, he awoke early on February 28, 2013, and got out of bed to use the restroom. Suddenly, his back pain became severe making it too painful to walk. He stated he lowered himself to the floor and crawled back to his bed. Mr. Sorile

called his co-worker, Anthony Guillory, to ask who was on call because he would not be reporting to work. Contrary to Mr. Guillory's testimony, Mr. Sorile disputes that he told Mr. Guillory anything about his back during that telephone conversation.

Mr. Sorile also called Randall Cook, Lott Oil's transportation supervisor, to inform him he would not be reporting to work. Contrary to Mr. Cook's testimony, Mr. Sorile disputes that he said anything about his back during that telephone conversation.

Soon thereafter, Mr. Sorile was taken to the Emergency Room of Rapides Regional Medical Center by his wife. Mr. Sorile was evaluated by Brandi Peacock, a nurse practitioner. Contrary to Ms. Peacock's testimony, Mr. Sorile recalled reporting that the onset of his severe back pain, not his injury, occurred at home. He denies telling Ms. Peacock that he fell and injured himself at home. Mr. Sorile was diagnosed with sciatica, given a steroid injection and pain medication, and released with instructions to follow up with his primary care physician.

Mr. Sorile then called Mr. Cook again. He told Mr. Cook he had sciatica and that he needed to see his primary care physician.

The next day, March 1, 2013, Mr. Sorile sought treatment from his primary care physician, Dr. Amy Griffin, at Griffin Family Medicine Clinic. Mr. Sorile was evaluated by Elizabeth Robichaux, a physician's assistant. Similar to what he reported at the emergency room, he told her that the onset of his severe back pain occurred at home. Ms. Robichaux ordered an MRI of Mr. Sorile's lumbar spine at Central Louisiana Surgical Hospital, which was performed on March 5, 2013. Mr. Sorile was notified on March 6, 2013, that his MRI indicated the possibility of two herniated discs.

Mr. Sorile next saw a neurological surgeon, Dr. Gregory Dowd, on March 12, 2013. According to Mr. Sorile, when asked by Dr. Dowd's physician's assistant how he injured himself, not when the onset of his severe pain occurred, he revealed the incident of February 26, 2013.

On March 14, 2013, Mr. Sorile spoke via telephone to Jerry Arnold, Lott Oil's risk and safety manager, to report his work accident and resultant injury. Thus, there is considerable dispute relative to Mr. Sorile's failure to immediately report a work accident.

Mr. Sorile explained at trial that he hoped he had simply pulled a muscle in his back and that it would quickly heal. He reported having back pain in the past—in 2004 and 2008—for which he saw Dr. William McBride. Dr. McBride diagnosed him with muscle strain and/or pulled back muscles and prescribed anti-inflammatory pain medication. Mr. Sorile recalled his back pain being alleviated shortly thereafter. Mr. Sorile testified that he did not immediately report a work accident to Lott Oil because he believed the back pain he began to experience on February 26, 2013, was from a pulled muscle and that it, too, would go away, just as it had done twice before.

Dr. Dowd testified, via deposition, that on March 12, 2013, he evaluated Mr. Sorile and reviewed his MRI. Mr. Sorile reported the manner in which he injured his back as occurring at work while handling a fuel hose. According to Dr. Dowd:

> [T]he MRI demonstrated that [Mr. Sorile] had a transitional lumbosacral segment with a rudimentary S1-S2 disc. There was noted to be an L5-S1 disc protrusion in the midline, which did cause bilateral stenosis. And upon review, I also felt that there was a left L4-5 lateral herniated disc which was not initially -- which was not included in the radiologist's interpretation.

6

On April 16, 2013, Dr. Dowd performed "a L5-S1 microdiscectomy, and a left L4-5 far lateral microdiscectomy."

Mrs. Sorile testified that she applied Bengay to her husband's lower back on two consecutive evenings before his lower-back pain became severe, and she ultimately had to bring him to the emergency room on the morning of February 28, 2013. Mrs. Sorile denied that Mr. Sorile injured himself by falling at their home.

Dr. McBride corroborated Mr. Sorile's testimony relative to his treatment for pulled back muscles in both 2004 and 2008. According to Dr. McBride, he saw Mr. Sorile once for each of the two instances, wherein he complained of experiencing lower back pain.

The WCJ found Mr. Sorile to be sincere and credited the testimonies of Peggy Sorile, Dr. McBride, and Dr. Dowd for corroborating Mr. Sorile's version of events. In his oral reasons, the WCJ elaborated:

> [I]t is clear that in the initial treatment phase of Mr. Sorile's condition he doesn't tell anyone, the healthcare provider at the emergency room or Dr. Griffin's office, that he's been injured on the job. He doesn't tell Randall Cook he's been injured on the job. He has an MRI and doesn't tell the MRI facility he's been injured on the job.
>
> It does appear that Mr. Sorile testified that he thought he had a pulled muscle. It seemed a bit odd to the Court at the time, until the Court read the deposition testimony of [Dr.] William McBride, a physician who has seen Mr. Sorile in the past -- 2004, for a back complaint, and again I believe in 2008 for a back complaint. And we see from Dr. McBride's deposition that he did see Mr. Sorile in 2004. He only saw him one time; gave him some anti-inflammatory medication. And Mr. Sorile never returned for any further follow up care on that incident, although there is testimony from Dr. McBride that he did discuss with Mr. Sorile he may need an MRI and this may be a more serious condition associated with a disc situation.
>
> He returns to Dr. McBride . . . in 2008, after an accident from a truck and had low back problems and leg problems. He saw Dr. McBride one time for that visit; didn't follow up at all with Dr. McBride. Had the same types of medications. This is where the Court began to understand Mr. Sorile's point of view when he kept believing he only had a pulled muscle. There are some similar symptoms he had in the past to those he was having in February of

7

2013 and early March of 2013. He had gotten over those in the past with just a small amount of medication.

Mr. Sorile only has a seventh grade education. He had a job making good pay with Lott Oil Company, and I can believe Mr. Sorile when he's still insisting in his own mind, anyway, that he has just a low-back muscle pull, he's going to get better, and he's going to go back to work; after all, he's making good income.

After thoroughly reviewing the evidence in the record, being mindful of the WCJ's reasons for judgment, and applying the correct standard of review, we find that the WCJ's factual conclusions that Mr. Sorile proved a work accident and resultant compensable work-related back injury are reasonably supported by the evidence. The testimonies of Peggy Sorile, Dr. McBride, and Dr. Dowd established Mr. Sorile's veracity. While there was considerable conflicting and contradictory evidence which supported Lott Oil's position, the WCJ chose to believe Mr. Sorile and accept his position in this case. Though it is a close call, we cannot say that the WCJ was manifestly erroneous or clearly wrong. There are definitely two permissive views supported by the evidence.

> Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable.

*Vidrine v. La-Tex Rubber & Specialties, Inc.*, 07-1578, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 146, 149.

*Lafayette Steel Erector, Inc. v. Constance*, 13-1367, p. 3 (La.App. 3 Cir. 4/16/14), 137 So.3d 1251, 1256-57. Thus, we find no merit to Lott Oil's contentions that the WCJ erred in finding that Mr. Sorile met his burden of proving a work accident, that he sustained a compensable work-related injury, and that he was entitled to workers' compensation benefits.

In its fourth assignment of error, Lott Oil contends that the WCJ erred in finding that Mr. Sorile did not violate La.R.S. 23:1208 and La.R.S. 23:1208.1. Louisiana Revised Statutes 23:1208 provides, in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment made under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> . . . .
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

For an employer to prevail under La.R.S. 23:1208, it must prove "'(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.'" *Dugas v. AutoZone, Inc.*, 12-727, p. 4 (La.App. 3 Cir. 12/5/12), 103 So.3d 1271, 1275, *writ denied*, 13-45 (La. 2/22/13), 108 So.3d 775 (quoting *Burnett v. Vector Elec. & Controls, Inc.*, 10-81, p. 4 (La.App. 3 Cir. 6/2/10), 40 So.3d 477, 480 (quoting *Resweber v. Haroil Constr. Co.*, 94-2708, 94-3138, p. 7 (La. 9/5/95), 660 So.2d 7, 12)).

Louisiana Revised Statutes 23:1208.1 provides:

> Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.

For an employer to prevail under La.R.S. 23:1208.1, it must prove "'(1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the

9

notice requirements of the statute.'" *Dugas*, 103 So.3d 1275 (quoting *Burnett*, 40 So.3d at 482 (quoting *Jeffers v. Kentucky Fried Chicken*, 08-1380, p. 12 (La.App. 3 Cir. 4/1/09), 7 So.3d 812, 820, *writ denied*, 09-956 (La. 6/19/09), 10 So.3d 738)).

The WCJ justified his denial of Lott Oil's fraud allegations against Mr. Sorile, stating:

> I don't find that Mr. Sorile is guilty of a 23:1208 violation as argued by the employer. First off, the employer, in that argument, says that Mr. Sorile in his post-hire medical questionnaire did not tell the employer about any previous back problems. Well, this is a statement made prior to the alleged injury and has no bearing or relevance to a 1208 claim, which is misstatement made willfully and purposefully for the receipt of benefits after the occurrence of [an] alleged job accident.
>
> Moreover, the previous incident from 2004, pointed to by the employer, [was] distinguished by Dr. Dowd in his deposition . . . . Mr. Sorile continued to work without complaint, did his job for Lott Oil Company. I don't find the minor back complaints he saw Dr. McBride for were relevant to a claim for 23:1208 given the distinguishment of Dr. Dowd and the continuation of work by Mr. Sorile.

Considering these reasons and the evidence before us, we find the factual conclusions of the WCJ are reasonable. We find no merit in Lott Oil's fourth assignment of error. Further, having found no merit to Lott Oil's fourth assignment of error, we need not address whether it was error for the WCJ not to order Mr. Sorile to pay restitution for fraudulent conduct.

Lastly, Lott Oil contends the WCJ "erred in finding that [it] was liable to Blue Cross Blue Shield for the entirety of its lien for medical benefits paid to or on behalf of [Mr.] Sorile." Having found the occurrence of a work accident, Lott Oil is responsible for Mr. Sorile's medical expenses. Thus, we find no merit in Lott Oil's contention that the WCJ erred in recognizing the lien of Blue Cross Blue Shield for the amount of medical benefits it paid to or on behalf of Mr. Sorile.

**DECREE**

For the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation in its entirety and do not consider Mr. Sorile's Answer to Appeal. All costs of this appeal are assessed to Defendant/Employer, Lott Oil Company, Inc.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-1156


RONALD SORILE

VERSUS

LOTT OIL COMPANY, INC.


**PETERS, J., concurring.**

I join with the majority in the decision to affirm the judgment of the workers compensation judge (WCJ) awarding workers' compensation benefits to Ronald Sorile. Additionally, I concur in the result reached in rejecting Mr. Sorile's claim for penalties and attorney fees at the trial level as well as his claim for attorney fees for work performed on appeal. However, I do not agree with the manner of disposition of the claims raised by Mr. Sorile.

Mr. Sorile raised the issues of penalties and attorney fees by filing an answer to the appeal of Lott Oil Company, Inc. (Lott Oil). The majority refuses to consider the issues raised in the answer based on their interpretation of La.Code Civ.P. art. 2088(A). Specifically, the majority reaches the conclusion that the WCJ "became divested of jurisdiction over all matters on appeal" when it granted the appeal to Lott Oil on September 22, 2014. According to the majority, from that point forward, Mr. Sorile could only file his answer to the appeal in this court. I disagree with that analysis.

The majority quotes part of the first paragraph of La.Code Civ.P. art. 2088(A) in support of their rejection of Mr. Sorile's answer to the appeal. However, the language deleted is of critical importance in interpreting that Article.

The full paragraph and the pertinent language that follows the quoted language reads:

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, *including the right to:*
> . . . .
>
> (6) Grant an appeal to another party[.]

(Emphasis added.)

Thus, clearly the WCJ had not lost jurisdiction to grant an appeal to Mr. Sorile.

In this case, however, Mr. Sorile did not seek an appeal of the WCJ judgment. Instead, he chose to file an answer to the appeal as provided for in La.Code Civ.P. art. 2133(A). Compliance with that Article requires no order from the trial court, and the Article provides in part that "[t]he answer filed by the appellee *shall be equivalent to an appeal* on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer." (Emphasis added.) The appellee "must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later." *Id.*

The record was lodged with this court on October 31, 2014; and the return date was set first for November 24, 2014, and finally for November 30, 2014. Mr. Sorile filed his answer into the record on September 30, 2014, or well within the fifteen-day outer limit set in La.Code Civ.P. art. 2133(A). Nothing in La.Code Civ.P. art. 2133(A) requires an appellee to wait until after the lodging of the record or the return date to file an answer to the appeal, and when the record was lodged with this court, Mr. Sorile's answer was lodged as a part of that record. It is

significant to note that La.Code Civ.P. art. 2133 falls within that section of the Louisiana Code of Civil Procedure related to the procedure appealing at the trial level and not the procedure in the appellate courts.

Although I find that the majority erred in not considering Mr. Sorile's answer to appeal, my review of the record before us causes me to conclude that his request for penalties and attorney fees lacks merit and that the WCJ did not err in rejecting his claims in that regard. For those same reasons, I would reject his claim for an award of attorney fees for work performed on appeal. Thus, I concur in the ultimate result reached by the majority.