THIBODEAUX, Chief Judge.
|, Louisiana Wholesale Drug Company, Inc., (“LWD”) and its insurer, Continental Casualty Company, (collectively “Appellants”) appeal a judgment of the Office of Workers’ Compensation awarding former LWD employee Vanessa Weaver supplemental earning benefits (“SEB”) in the amount of $273.33 per week. While working at LWD, Ms. Weaver fell and hit her right wrist on a pipe, injuring that wrist. She continued to work with restrictions until July 12, 2013, when Ms. Weaver claims that her supervisor at LWD required her to perform duties beyond her *368 physical capabilities at the time. LWD disputes this claim and contends that Ms. Weaver voluntarily left employment with LWD without giving a reason. ■
After a year and a half passed without Appellants paying Ms. Weaver any wage benefits, Ms. Weaver filed a Disputed Claim for Compensation. She alleged in her claim that Appellants had wrongfully failed to pay her benefits and that Appellants’ actions were arbitrary, and capricious, entitling Ms, Weaver to penalties and attorney fees. Appellants argued that Ms. Weaver was not entitled to SEB since she was working full time at her full wage after she was injured, and left employment voluntarily and not because of her injury. Based on the medical records in evidence and Ms. Weaver’s testimony, which the workers’ compensation judge (“WCJ”) specifically found credible, the WCJ ruled that Ms. Weaver had a valid claim for SEB. However, the WCJ declined to award penalties and attorney fees. From that judgment, Appellants filed a timely appeal. Ms. Weaver answers that the WCJ correctly ruled that she was entitled to SEB, but erred in denying her penalties and attorney fees. For the following reasons, we 12affirm the judgment of the trial court awarding Ms. Weaver SEB and denying penalties and attorney fees.
I.

■ISSUES

There are three issues before the Court:
1. whether the trial court erred in finding that Ms. Weaver was entitled to . SEB and shifting the burden of proof to Appellants;
2. whether' Appellants proved there was a suitable job available to Ms. Weaver that she was physically capable of performing; and
3.whéther the trial court erred in declining to award Ms. Weaver penalties and attorney fees.
II.

FACTS AND PROCEDURAL HISTORY

Vanessa Weaver worked as an order filler at LWD for three-and-a-half years, ending in July 2013. Her job duties included filling prescription orders for pharmacists. Before her job at LWD, Ms. Weaver worked as a police dispatcher, a clerk at Dollar General, and was in the military. Prior to this suit, she had never made a claim for workers’ compensation benefits or filed a iawsuit. She was well-respected at LWD and never received any complaints about her, job performance.
Ms. Weaver was injured while at work at LWD on March 28, 2013. She dove to stop a box of glass bottles from falling and hit her right wrist on a pipe. She was taken to an emergency room where doctors noted pain and swelling in the right wrist. She returned to work but was placed on restrictions by her [¡¡doctor at The Family Clinic: first, she could work but not use the injured part of her hand; and starting on May 14, 2013, she could work only with the use of a neoprene splint. In the weeks after the injury occurred, Ms. Weaver was treated by a general practice physician at The Family Clinic and a physical therapist at Lafleur Therapy Center. Records from The Family Clinic as recent as November 11, 2013, note' that Ms. Weaver complained of swelling, burning, and numbness in her wrist. Records from Lafleur Therapy Center note on May 9, 2013, that .Ms. Weaver reported pain in her wrist at a-level of 6 out of 10 when she was active, and at 2 out of 10 at rest. There was also a “palpable click” in her-wrist.
*369 Ms. Weaver continued to work with restrictions for - four months. Though her job required her to lift boxes of 15. to 20 pounds, her employer accommodated her and she received assistance from coworkers in lifting boxes. The parties dispute what happened on the last day Ms. Weaver came into work. Ms. Weaver claims that on July 12, 2013, her employer :insisted that she lift a box beyond her physical capabilities, given the restrictions imposed by her doctor. On that day, Ms. Weaver left her job, though her employment was never formally terminated. LWD, on the other hand, claims that Ms. Weaver voluntarily walked out on her job without giving a reason. LWD asserts that there is no evidence that Ms. Weaver was unable to perform her duties and points out that she was making the same wage before and after her accident.
At the hearing on Ms. Weaver’s claim, the WCJ heard testimony from Troy Meche, another LWD employee, and Ms. Weaver. Ms. Weaver testified that throughout her working life, she had always used both hands in performing her job duties. The WCJ also considered medical records.from The Family Clinic and Lafleur Therapy Center.
14After considering testimony and the medical records, the WCJ found that Ms. Weaver had met her burden to prove entitlement to SEB. Based on the WCJ’s observations of “Ms. Weaver's gestures, tone of voice, responses and reactions to questions, and overall demeanor,” the WCJ specifically found Ms. Weaver credible. The WCJ denied Ms. - Weaver’s claims for penalties and attorney fees. Appellants assert on-appeal that the WCJ committed legal error by shifting the burden of proof to Appellants before Ms. Weaver had shown entitlement to SEB. Appellants ■ .also argue that even if Ms. Weaver showed she was entitled to SEB, Appellants were not required to pay since there was a suitable job available for Ms. Weaver. Ms. Weaver argues that the WCJ was correct in holding that she was entitled to SEB, but erred in denying her request for penalties and attorney fees.
III.

LAW AND DISCUSSION

At the outset, Appellants argue that the WCJ committed legal error by shifting the burden to Appellants too early, and that the judgment should be subject to a de novo review. However, analysis of an employee’s claim for SEB is necessarily based on the facts and circumstances of the case. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/96), 696 So.2d 551 (citing Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989)). The findings of the WCJ are, therefore, subject to the manifest error-clearly wrong standard of review. Id. In Banks, the Louisiana Supreme Court elaborated on the application of that standard:
In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier I f¡of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Freeman [v. Poulan/Weed Eater], 93-1530 [ (La.1/14/94),] 630 So.2d [733]; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two 'permissible views of the evidence, -a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, “if the [factfinder’s] findings are reasonable in light of the record reviewed in its. entirety, the court of appeal may not reverse, even if convinced that had it been sitting as -the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty *370 Mut Ins. Co., 558 So,2d 1106, 1112 (La. 1990).
Id. at 556.
Entitlement to SEB
Appellants first argue that Ms. Weaver did not prove that she was entitled to SEB, so the trial court erred in shifting the burden of proof to Appellants to show that another suitable job was available. SEB are available when an injury renders an employee unable to earn at least 90% of wages at the time of the injury. La.R.S. 23:1221(3)(a)(i). In order to show entitlement to SEB, an injured employee must show, by a preponderance of the evidence, “that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case.” Banks, 696 So.2d at 556.
Here, the WCJ found, based on the facts before him, -that Ms. Weaver was unable to earn at least 90% of her income after she was injured while working for LWD. The record on appeal shows that Ms. Weaver’s use of her right hand was restricted-from the time of her injury until at least after this lawsuit was filed. Likewise, Ms. Weaver’s medical records show that she: had continuing pain in hér wrist and a palpable, click. This demonstrates that Ms, Weaver lacked full use of her right hand.. Ms. Weaver testified that she had always used both hands, in :her | r,employment. The WCJ specifically found Ms. Weaver to be a credible witness. In hearing Ms. Weaver’s testimony, -the WCJ was able to observe Ms. Weaver’s gestures, tone of voice, responses to questions, and overall demeanor. Moreover, the record shows that Ms.. Weaver was a model employee: she had never been fired from a job, nor had complaints about her job performance. This is the first occasion she has filed a workers’ compensation claim, or a lawsuit of any kind. On these grounds, the WCJ made his determination of credibility. Based on the evidence and Ms. Weaver’s credibility, it was reasonable for the WCJ to infer that Ms. Weaver was unable to work with only her left hand on any job, and so her injury prevented her from earning at least 90% of her pre-injury income. “[R]easonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own inferences and evaluations are as reasonable.” Lee v. Heritage Manor of Bossier City, 41,828, p. 8 (La.App. 2 Cir. 3/14/07), 954 So.2d 276, 282, writ denied, 07-736 (La.5/18/07), 957.So.2d 157. Accordingly, we find no manifest error in the WCJ’s finding.
We also note that the WCJ did not rely solely on the credibility of Ms. Weaver’s testimony. It is true that “[a]n injured worker’s testimony that she is no longer able to return to her pre-injury employment, without more, is insufficient to prove entitlement to supplemental earnings benefits.” Wilson v. Metro. Dev. Ctr., 12-487, p. 7 (La.App. 5 Cir. 3/13/13), 113 So:3d 261, 266. However, the WCJ also noted several circumstances that corroborated Ms. Weaver’s testimony. • Specifically,. the WCJ cited medical records stating that.Ms. Weaver could work only with restrictions; as late as November 11, 2013, Ms. Weaver still had.pain with movement of her wrist-and decreased strength in her wrist; and as of May 9,172Q13, Ms. Weaver had continuing pain in her wrist and there was a- palpable click when Ms. Weaver moved her wrist. Since Ms. Weaver’s testimony was not the only evidence considered by the WCJ, the court’s reasoning in Wilson is inapplicable to this case. Moreover, the cláímant -in Wilson was released to full duty.without-restrictions, where Ms. Weaver was released with restrictions and with instructions- not tb use the injured *371 portion of her right hand. There was sufficient evidence to support the WCJ’s finding that Ms. Weaver was entitled to SEB.
Job Availability
Once Ms. Weaver had proved entitlement to SEB, the burden shifted to Appellants to defeat Ms. Weaver’s claim. In order to defeat an employee’s claim for SEB, an employer must show:
(1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region;
(2) the amount of wages that an employee with claimant’s experience and training can be expected to earn in that job; and
(3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence.
Banks, 696 So.2d at 557. Appellants contend here, as they did before the WCJ, that a suitable job existed since' Ms. Weaver was offered and accepted her previous job after her accident. But as previously discussed, the WCJ reasonably found that Ms. Weaver was unable to perform the job she had before her injury. That job was, therefore, not within the “claimant’s physical capabilities” as required by Banks. Id. There is no evidence that there was another job available to Ms. | «Weaver that met the requirements laid out in Banks: Appellants did not present expert testimony or any other evidence that such a job existed. Cf. Daigle, 545 So.2d 1005 (employer offered expert testimony to establish existence of suitable jobs with a similar salary and within a reasonable geographic area). Appellants did not meet their burden of proof, and the WCJ did not err in awarding Ms. Weaver SEB.
Penalties and Attorney Fees
Ms. Weaver asserts on appeal that while the WCJ correctly awarded her SEB, he erred in failing to award her penalties and attorney fees because Appellants acted arbitrarily and capriciously in failing to timely pay Ms. Weaver’s benefits. Medical benefits must be paid within 60 days, of when the employer or insurer receives notice. La.R.S. 23:1201(E)(1). Failuré to pay benefits in a timely manner requires the imposition of penalties and attorney fees on the employer or insurer, unless that party reasonably controverts the employee’s claim. La.R.S. 23:1201(F). The question is, therefore, not whether the employer acted arbitrarily and capriciously, but whether the employer presented “sufficient factual and medical information to reasonably counter the evidence provided by the claimant.”. Mouton v. Walgreen Co., 07-1403, p. 14 (La.App. 3 Cir. 4/2/08), 981 So.2d 75, 85 (citing Humphrey v. Icee Distribs., 06-549 (La.App. 3 Cir. 11/29/06), 944 So.2d 783, writ denied, 07-7 (La.3/9/07), 949 So.2d 442). .An award or denial of penalties and attorney fees is reviewed for manifest error. Id.
Here,1 LWD controverted Ms. Weaver’s claim with the theory that Ms. Weaver was able to continue working at her pre-injury job. While we ultimately find that the evidence presented by Ms. Weaver established a valid- claim for SEB, j ¡Appellants’ case was not unsupported by facts and evidence. Appellants pointed out that Ms. Weaver continued working at. LWD for four months after injury, seemingly without incident. Appellants also presented testimony from another LWD employee that, at least until Ms. Weaver’s last day of work, LWD modified Ms. Weaver’s job to accommodate her restrictions. That employee also testified that Ms. Weaver simply left employment without reason. LWD reasonably controverted Ms. Weav *372 er’s claim. As a result, we find that the WCJ did not manifestly err by denying Ms. Weaver penalties and attorney fees.
IV.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Louisiana Wholesale Drug Company, Inc., and Continental Casualty Company.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.