# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-981


**ALLEN JOHNSON**

**VERSUS**

**GREAT WEST CASUALTY COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 13-07675
CHARLOTTE  L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Jimmie C. Peters, and David Kent Savoie, Judges.


**AFFIRMED.**

**Mark Miller Zimmerman**
**Attorney at Law**
**840 West Bayou Pines Drive, Suite B**
**Lake Charles, LA 70601**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Allen Johnson**

**J. Thaddeus Westholz**
**Thompson, Gibbons & Westholz**
**One Canal Place**
**365 Canal Street, Suite 2960**
**New Orleans, LA 70130**
**(504) 588-2171**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Groendyke Transport, Inc.**
**Great West Casualty Company**

**SAUNDERS, Judge.**

This is a workers' compensation case wherein an employee was allegedly injured by an unwitnessed accident on the job, but failed to report the accident until four months later. Further, the employee had preexisting hip and back pain.

The workers' compensation judge (WCJ) found that the employee proved that an accident occurred and that he was entitled to workers' compensation benefits. However, the WCJ denied the employee's request for penalties and attorney's fees.

**FACTS AND PROCEDURAL HISTORY:**

Employee, Allen Johnson (Johnson) worked as a wash rack supervisor for Groendyke Transport, Inc. from 1998 until November 4, 2013. Johnson stopped working at Groendyke due to pain in his lower back.

On or about June 13, 2013, while in the course and scope of his employment, Johnson was lifting a large hose when he felt a sharp pain in his lower back. Prior to this accident, Johnson was experiencing some hip and back pain, but it was not such that prevented him from working.

According to Johnson, he was fearful of losing his employment, and he felt that the pain might allow him to work as his hip and back pain had done previously. Thus, Johnson did not inform his employer of the accident until four months had passed and he felt that he was unable to continue in his current position. Johnson's position as a wash rack supervisor was very physical in nature involving much climbing, stooping, bending and lifting.

Despite not informing his employer of the accident, Johnson sought medical treatment, some of which he paid for out of pocket. In October 2013, when Johnson's condition failed to improve, and actually began to worsen, Johnson informed his employer of the June 13, 2013 accident. Johnson's request for

workers' compensation benefits, was denied; thus, on October 25, 2013, he filed a disputed claim for workers' compensation benefits naming Groendyke and Great West Casualty Company (collectively "Appellants") as defendants.

On February 12, 2015, a trial on the merits transpired. After receiving the evidence, the WCJ took the matter under advisement. On July 30, 2015, the WCJ issued a judgment that, *inter alia*, found that Johnson proved that a work-related accident occurred and that this accident caused his inability to work due to the pain in his lower back. The WCJ denied Johnson's requested penalties and attorney's fees. Both Appellants and Johnson appeal and assert assignments of error, as follows:

## ASSIGNMENTS OF ERROR, APPELLANTS:

1.  Having correctly identified the jurisprudential requirements for an injured worker to carry his burden of proof in a claim for an unwitnessed accident, it was clear error by the trial court to have failed to determine whether evidence cast serious doubt upon plaintiff's version of events, as required by *Bruno v. Harbert International, Inc.*, 593 So.2d 357 (La. 1992) and *Ardoin v. Firestone Polymers, L.L.C.*, 2010-0245 (La. 1/19/11), 56 So.3d 215.

2.  Alternatively, if the appellate court determines the trial court did perform the full analysis required by *Bruno v. Harbert International, Inc.*, 593 So.2d 357 (La. 1992) and *Ardoin v. Firestone Polymers, L.L.C.*, 2010-0245 (La. 1/19/11), 56 So.3d 215, it was clear error by the trial court to have determined plaintiff had carried his burden of proof that the unwitnessed accident occurred based only on corroborating evidence of poor quality and despite the overwhelming evidence contradictory to plaintiff's version of events.

3.  Presented with a claim for an aggravation of a degenerative condition in the lumbar spine, it was clear error by the trial court to have concluded plaintiff carried his burden of proof because no medical documentation supported such a finding and the unanimous testimony of medical specialists was contrary to the claim.

## ASSIGNMENT OF ERROR, JOHNSON:

1.  The WCJ manifestly erred in failing to award penalties and attorney fees.

**ANCILLARY MATTER:**

1.    Additional attorney fees for work done on appeal.

**ASSIGNMENTS OF ERROR, APPELLANTS NUMBER ONE:**

Appellants' first assignment of error is that the WCJ failed to determine whether the evidence cast serious doubt upon Johnson's version of events, as required by *Bruno v. Harbert International, Inc.*, 593 So.2d 357 (La.1992) and *Ardoin v. Firestone Polymers, L.L.C.*, 10-245 (La. 1/19/11), 56 So.3d 215.   We find no merit to this assertion.

"[A]s in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence." *Bruno*, 593 So.2d at 361 (citing *Prim v. City of Shreveport*, 297 So.2d 421 (La.1974), and *Nelson v. Roadway Express, Inc.*, 588 So.2d 350 (La.1991)). *Bruno* states, "[a] worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Id.*

Appellants compare this case to *Ardoin* because there was a delay in reporting the accident.   In *Ardoin*, the employee did not report the accident until eighteen months later.   In this case, the delay was only four months.   As stated in *Ardoin*, "not every delay in reporting an accident necessarily discredits or casts serious doubt on the employee's account of the accident." *Ardoin*, 56 So.3d at 222. Rather, what should be done, as was done in *Ardoin*, is an analysis of the particular circumstances surrounding the failure to report the alleged work-related accident.

Here, while the WCJ did not plainly state that it was considering whether that delay in reporting the accident "cast serious doubts" about Johnson's version of events, it is clear that the WCJ found an acceptable reason for the delay. This decision is supported by the record of the particular circumstances surrounding the failure to report the accident. Johnson, whom the WCJ found to be a credible witness, testified to uncertainty, at that time, as to what caused the onset of his worsening back pain. He was experiencing non-debilitating pain from the avascular necrosis of both his hips at the time. Johnson had hopes that this pain would resolve without a need to miss any work, as had previously been the case with his hip pain. Further, Johnson testified, and this testimony was corroborated by the testimony of his significant other, Joyce Silas, that he feared being fired should he report a work accident.

Accordingly, we find no merit in this assignment of error.

**ASSIGNMENTS OF ERROR, APPELLANTS NUMBER TWO:**

In their second assignment of error, Appellants aver that it was clear error by the WCJ to find that Johnson proved that the unwitnessed accident occurred. We disagree.

"The WCJ's determinations that an employee is credible and that [he] satisfied [his] burden of proof are factual determinations that should not be disturbed by a reviewing court unless the determinations are "'clearly wrong . . . absent a showing of manifest error.'" *Franklin v. Calcasieu Parish Sch. Bd.*, 12-1032, p. 2 (La.App. 3 Cir. 2/6/13), 108 So.3d 907, 909 (quoting *Bruno*, 593 So.2d at 361.)

Here, Appellants contend that the WCJ failed to consider the first factor of *Bruno*, because there was medical evidence that "cast serious doubt" on Johnson's

4

testimony. As such, according to Appellants, Johnson's testimony alone was not sufficient to carry his burden of proof that an accident happened.

While the medical records indicate that Johnson's first mention of his work-related accident and injury was three months after it occurred, there is a plethora of evidence that to support the WCJ's finding that he satisfied his burden of proof. First, the WCJ specifically found that Johnson was a credible witness. Johnson admitted in his testimony that immediately after his work-related injury, he was unsure of the source of his pain because he was simultaneously experiencing pain due to avascular necrosis in his hips. Additionally, Johnson testified that he was hesitant to report an on the job injury due to fear of losing his job. This fear was corroborated by the testimony of Ms. Silas, who also testified that she recalled Johnson telling her about the work accident and his resulting pain.

Other factors tending to prove that Johnson suffered a work-related injury include his fifteen-year employment history with no work-related injuries. Thus, Johnson was a dedicated employee at the time of the accident and would have no incentive to present a fraudulent workers' compensation claim. Additionally, he paid significant out of pocket expenses for medical treatment during the three-month period he did not report the work-related accident. These are not the actions a person attempting to abuse the workers' compensation system.

Finally, Marvin Holland, a coworker of Johnson's who is still employed by Appellants, testified to the following:

> Q    All right. We are here alleging that Mr. Johnson hurt or aggravated his back, lower level, on or about June 13, 2013. Do you remember anything about that?
>
> A    Yes.
>
> Q    What do you remember?
>
> . . . .

5

A    We was [sic] doing our normal thing and I was inside the building and I hear him, you know, saying a few choice words, which I can't repeat; and I walked around the corner and he was standing there with his hand on his back and I asked what was wrong. He said, "man, I think I pulled a muscle in my back."

. . . .

Q    I will ask you this: Did Mr. Johnson act like he had problems with his back after that?

A    Yes, he did.

Q    Did you have to help him with his work?

A    Yes, I pulled some of his load. Yes, I helped him out.

Holland's testimony corroborates that of Johnson as to the events of the work-related accident. Moreover, Johnson's extensive treatment for the injuries to his back further corroborate that a work-related accident and injury took place.

Accordingly, regardless of the WCJ's failure to specifically find any evidence which "casts serious doubt upon Johnson's version" of events, our review of the record reveals no basis for the reversal of the WCJ's determination that he carried his burden of proof. Accordingly, the WCJ's judgment is not clearly wrong or manifestly erroneous, and it must be affirmed.

**ASSIGNMENTS OF ERROR, APPELLANTS NUMBER THREE:**

In its final assignment of error, Appellants contend that the WCJ committed clear error in finding that Johnson proved that he suffered an aggravation of a degenerative condition in his lumbar spine because no medical documentation supported such a finding and the unanimous testimony of medical specialists was contrary to the claim. Again, we find that Appellants' contention lacks merit.

The standard of review applied in workers' compensation cases is the "manifest error-clearly wrong" standard. *Dean v. Southmark Constr.*, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117:

6

Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander* [*v. Pellerin Marble & Granite*, 93-1698 (La.1/14/94) ], 630 So.2d [706,] 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105. The determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact. *Winkler v. Wadleigh Offshore, Inc.*, 01-1833 (La.App. 4 Cir. 4/24/02), 817 So.2d 313, 316 (citing *Wright v. Skate Country, Inc.*, 98-0217 (La.App. 4 Cir. 5/12/99), 734 So.2d 874).

In this case, Appellants contend that there is no medical documentation supporting a finding of causation, and the unanimous testimony of medical specialists was contrary to the claim. This is not a fully accurate depiction of the medical evidence in this case.

As the WCJ correctly pointed out, there is a note from the Nurse Practitioner, Kasie Nix, who treated Johnson, stating, "Please inform Mr. Johnson that I suspect his back pain is related to lifting heavy at work due to the amount of degenerative changes in his spine." Additionally, as we stated above, the WCJ found Johnson to be credible, and his testimony is such that the pain was related to the work accident. Johnson's testimony is corroborated by the testimony of his significant other, Ms. Silas. She testified to Johnson's back worsening from the date of the work accident. While the medical history is a bit clouded by his preexisting avascular necrosis and pain associated with his hips, the pain in Johnson's back remained. As such, given the state of the record, we cannot say that the WCJ was clearly wrong in finding that Johnson carried his burden to prove causation.

## ASSIGNMENTS OF ERROR, EMPLOYEE:

Johnson assigns as error the WCJ's failure to award penalties and attorney's fees below. We find no error by the WCJ in its ruling.

Broad discretion is afforded a WCJ in awarding penalties and attorney fees, and that determination, in the absence of manifest error, should not be disturbed. *Gradney v. La. Commercial Laundry*, 09-1465 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115.

Here, the WCJ found that Appellants reasonably controverted Johnson's claim. As such, it awarded no penalties and attorney's fees. Johnson claims that Appellants failed to investigate his claim. While there is an argument that more could have been done by Appellants to determine whether the accident occurred, we cannot say that the WCJ's decision was an manifestly erroneous given that several medical treatment providers failed to state an opinion regarding causation. Accordingly, after reviewing the record, we find a basis for the WCJ's finding.

## ANCILLARY MATTER:

Johnson requests attorney's fees for work done on appeal. We deny this request.

"When an award for attorney's fees is granted [or denied] at a lower court level, the recipient of those fees is [or is not] entitled to additional fees for work done on appeal. This keeps the appellate judgment consistent with the underlying judgment." *McFadden v. Import One, Inc.*, 10-952, p. 16 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212, 1223 (citing *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La.4/13/09), 5 So.3d 170.)

Here, we affirmed the WCJ in denying Johnson penalties and attorney's fees. As such, we deny Johnson's request for attorney's fees for work done on appeal.

## CONCLUSION:

Appellants, Great West Casualty Company and Groendyke Transport, Incorporated, raise three assignments of error while employee, Allen Johnson, raises one plus requests attorney's fees for work done on appeal. We find no error by the WCJ in any of its judgment. Further, we deny Allen Johnson's request for attorney's fees for work done on appeal. Costs of these proceedings are assessed to Appellants, Great West Casualty Company and Groendyke Transport, Incorporated.

**AFFIRMED.**